**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GARY JOHNSON, | ) | FILED: NOVEMBER 14, 2008 |
| | ) | 08 CV 6570 |
| Plaintiff, | ) | JUDGE BUCKLO |
| | ) | MAGISTRATE JUDGE VALDEZ |
| v. | ) | YM |
| | ) | No. |
| CITY OF CHICAGO, a municipal | ) | JUDGE |
| corporation, Chicago Police | ) | |
| Officers JAMES HALPIN, Star #16132, | ) | |
| And OFFICER HAVELKA, Star #13551 | ) | MAGISTRATE |
| And UNKNOWN CHICACO POLICE | ) | |
| OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff, GARY JOHNSON, through his attorneys, makes the following complaint against Defendants CITY OF CHICAGO ("Defendant City"), and Chicago Police Officers JAMES HALPIN, Star #16132, OFFICER HAVELKA, Star #13551, and UKNOWN CHICAGO POLICE OFFICERS:

### **JURISDICTION**

1. This is a civil action seeking damages against Defendants for committing acts under color of law, which deprived Plaintiff of rights secured by the Constitution and laws of the United States.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., §1983; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; as well as pendent jurisdiction as provided under U.S.C., § 1367(a).

1

## PARTIES

3. Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Illinois.

4. Defendant Officers were, at all relevant times, employed by Defendant City as Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City is a municipal corporation duly incorporated under the laws of the State of Illinois, and was at all relevant times, the employer and principal of Defendant Officers.

## FACTS

6. On May 26, 2007 Gary Johnson returned to Chicago from Madison, WI to visit his dying grandmother.

7. Gary Johnson stopped into a gas station convenience store before going to the bus-stop.

8. When he left the convenience store, Gary Johnson was attacked by Defendants Halpin and Havelka.

9. Without lawful justification, Defendants Halpin and Havelka arrested Mr. Johnson without probable cause and used excessive force against Plaintiff.

10. Defendants Halpin and Havelka conspired together and wrote police reports implicating Gary Johnson for crimes that they knew he did not commit.

11. As a result of Defendants Halpin and Havelka's misconduct, Gary Johnson spent nearly a month incarcerated before he could post bond.

12. During his time in custody, Gary Johnson's grandmother died.

13. Defendants Halpin and Havelka participated in the malicious prosecution of Gary Johnson.

14. A jury found Gary Johnson not guilty on all counts on May 22, 2008.

### Count I:  42 U.S.C. Section 1983 — Excessive Force

15. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

16. The actions of Defendant Officers, detailed above, constitute unreasonable, unjustifiable, and excessive force against plaintiff, thus violating Plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

17. As a proximate result of the above-detailed actions of defendants, Plaintiff was injured.

WHEREFORE, Plaintiff respectfully requests judgment against the individual defendants, jointly and severally, for compensatory damages against Defendants Officers in an amount which is reasonable to compensate him for his injuries, as well as punitive damages against Defendant Officers, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count II: 42 U.S.C. Section 1983 — Illegal Search and Seizures

18. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

19. The searches and seizures of Mr. Johnson's person and property performed willfully and wantonly by the defendants, as detailed above, individually and in conspiracy with each other, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and U.S.C. § 1983.

20. As a proximate result of the above-detailed actions of defendants, Mr. Johnson was

injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to him damage.

WHEREFORE, Plaintiff respectfully requests judgment against the individual defendants, jointly and severally, for compensatory damages against Defendants Officers in an amount which is reasonable to compensate him for his injuries, as well as punitive damages against Defendant Officers, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count III: 42 U.S.C. Section 1983 – False Imprisonment

21. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

22. The actions of the Officer Defendants, described above, whereby defendants knowingly arrested and imprisoned Gary Johnson without probable cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the United States Constitution.

23. As a direct and proximate result of these Constitutional violations, Gary Johnson was caused to suffer great pain, anguish, despair, and other permanent and temporary mental suffering.

WHEREFORE, Plaintiff respectfully requests judgment against the individual defendants, jointly and severally, for compensatory damages against Defendants Officers in an amount which is reasonable to compensate him for his injuries, as well as punitive damages against Defendant Officers, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count IV: Illinois Malicious Prosecution

24. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

25. As more fully described above, Defendants willfully and wantonly initiated criminal proceedings against Plaintiff, and/or caused the criminal proceedings to continue against him, without probable cause to believe that Gary Johnson had committed a crime.

26. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant Officers created false and/or inaccurate police reports, gave false accounts regarding their investigation to other police officers and/or Assistant State's Attorneys and/or fabricated evidence.

27. The criminal proceedings against Plaintiff Gary Johnson were terminated in his favor, in a manner indicative of innocence.

28. As a direct and proximate result of Defendants' malicious prosecution, Plaintiff suffered financial, physical and emotional damages which will be proven at trial.

29. Illinois law provides that public entities, such as Defendant City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

30. At all relevant times, Defendant Officers were agents of Defendant City, and acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for his injuries, as well as such other relief as is just and equitable.

## Count V: Intentional Infliction of Emotional Distress

31. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

32. As more fully described above, the willful and wanton misconduct of Defendants towards Plaintiff was extreme and outrageous.

33. Given the nature of the misconduct described above, Defendant committed their misconduct with knowledge that their actions were likely to cause severe emotional distress to Plaintiff.

34. As a direct and proximate cause of Defendants' misconduct, Plaintiff has suffered severe emotional distress.

35. Illinois law provides that public entities, such as Defendant City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

36. At all relevant times, Defendant Officers were agents of Defendant City of Chicago, and acting within the scope of their employment. Defendant City of Chicago, therefore, is liable as principal for all torts committed by Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for his injuries, as well as such other relief as is just and equitable.

Respectfully submitted,

Gary Johnson


By: /s/James M. Baranyk
An Attorney for Plaintiff

Smith, Johnson, & Antholt
112 S. Sangamon, 3rd Floor,
Chicago, Illinois 60607