# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **GARY JOHNSON,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08 C 6570 ) |
| **CITY OF CHICAGO**, a municipal corporation, Chicago Police Officers **JAMES HALPIN,** Star #16132, and **OFFICER HAVELKA**, Star #13551 and **UNKNOWN CHICAGO POLICE OFFICERS,** | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On October 9, 2009, the defendants filed a motion to revise the parties' final pretrial order. In particular, the motion sought to change the jury instructions for the plaintiff's intentional infliction of emotional distress (IIED) and malicious prosecution claims. The defendants explain that while they initially agreed with the plaintiff's position that punitive damages were available for these causes of action, they have come to believe after further research that punitive damages may not be awarded after all.

The defendants are correct in maintaining that, under Illinois law, punitive damages are not available for IIED claims. The Illinois Supreme Court announced this holding in *Knierim v. Izzo*, 174 N.E.2d 157 (Ill. 1961). However, the plaintiff recently

withdrew his IIED claim.  The defendants' motion to revise the IIED jury instructions is therefore moot.

However, the parties remain in disagreement over whether punitive damages are permissible in connection with the plaintiff's malicious prosecution claim.  The defendants argue that punitive damages are impermissible for malicious prosecution claims for the same reason that punitive damages are impermissible for IIED claims: namely, that punitive damages are not recoverable unless the defendant's conduct is above and beyond that needed to establish the underlying cause of action.  Because proving malicious prosecution already requires a showing of malice on the defendants' part, the defendants argue that once an underlying claim for malicious prosecution has been proven, it is unnecessary to make any further showing of outrageousness in order to justify punitive damages.

The defendants' argument is without merit.  Despite the fact that *Knierim* was decided more than thirty years ago, the defendants fail to point to any case in which an Illinois court has held, as a matter of law, that punitive damages may not be awarded for malicious prosecution claims.  Nor have I found any such case.  On the contrary, numerous decisions have held precisely the contrary. *See, e.g.*, *Templeman Co. v. Liberty Mut. Ins. Co.*, 735 N.E.2d 669, 674-75 (Ill. App. Ct. 2000); *Denton v. Allstate Ins. Co.*, 504

N.E.2d 756, 758 (Ill. App. Ct. 1986); *see also Delgado v. Mak*, No. 06 C 3757, 2008 WL 4367458, at *4 n.4 (N.D. Ill. Mar. 31, 2008).

All of the cases cited by the defendants address claims other than malicious prosecution. Furthermore, none of the cases holds that punitive damages are *categorically* barred with respect to the claims in question; instead, they hold only that punitive damages were not warranted given the evidence presented in these particular cases. *Petty v. Chrysler Corp.*, 799 N.E.2d 432, 443 (Ill. App. Ct. 2003) (punitive damages were unjustified in misappropriation of identity case given the lack of evidence indicating malice or reckless disregard); *Cress v. Recreation Services, Inc.*, 795 N.E.2d 817, 849 (Ill. App. Ct. 2003) (although evidence supported verdict that defendant tortiously interfered with plaintiff's contract, there was no support for a finding that defendant's conduct was so egregious as to warrant punitive damages, since "plaintiff did not prove any acts of [the defendant] exceeded what was necessary to establish the tort itself"); *Canel and Hale, Ltd. v. Tobin*, 710 N.E.2d 861 (Ill. App. Ct. 1999) (in tortious interference case, conduct was not "wanton" or "outrageous" enough to justify an award of punitive damages since plaintiff had invested relatively minimal time and resources in the venture); *Kritzen v. Flender Corp.*, 589 N.E.2d 909, 919 (Ill. App. Ct. 1992) (although evidence was sufficient to demonstrate defendant's wrongful conduct, punitive damages were impermissible because plaintiffs did not plead any

-3-

facts to support a finding of willful and wanton misconduct and the evidence was not sufficient for a jury to find the kind of willful and wanton conduct necessary to support an award of punitive damages); *Curt Bullock Builders, Inc. v. H.S.S. Development, Inc.*, 586 N.E.2d 1284, 1290 (Ill. App. Ct. 1992) (conduct of defendants, even when viewed most favorably to plaintiff, was not highly malicious enough to warrant an award of punitive damages).

The flaw in the defendants' argument was explained in a concurring opinion by Justice McMorrow in *Swick v. Liautaud*, 662 N.E.2d 1238 (Ill. 1996). Like the defendants here, the defendants in *Swick* argued that, based on the purported analogy with IIED claims, punitive damages should not be available in actions for malicious prosecution. Because the case was decided on other grounds, the court never reached the latter argument. However, Justice McMorrow wrote a special concurrence addressing the question and explaining why malicious prosecution claims were different from IIED claims, and why punitive damages are permissible in the former case but not in the later. He observed:

> Malicious prosecution is not analogous to intentional infliction of emotional distress. By definition, conduct sufficient to support a cause of action for intentional infliction of emotional distress will always support an award of punitive damages. The same is not true in a malicious prosecution case: a defendant's conduct may be sufficiently malicious to support the underlying cause of action without necessarily being sufficient to support an award of punitive damages. As this court has noted, malice, as an element of malicious prosecution, does not necessarily mean personal ill-will, spite or hatred toward the person prosecuted, but is proved by showing that the prosecutor was actuated by improper

-4-

motives.  Because there is a degree of malicious conduct,
i.e., ill-will, spite or hatred, which exceeds that defining
the underlying tort, the concern animating the restriction on
punitive damages for the tort of intentional infliction of
emotional distress is not present here. Thus, there is no
reason to conclude, as a matter of law, that punitive damages
should not be available in a malicious prosecution case.

*Swick*, 662 N.E.2d at 1247-48 (McMorrow, J., concurring) (citations, quotation marks, and brackets omitted).

Accordingly, the defendants' motion to revise the pretrial order be denied.

ENTER ORDER:

_____
**ELAINE E. BUCKLO**
United States District Judge

**DATED:**  October 15, 2009